IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MARY SULLIVAN-BUECHE,<br><br>Plaintiff,<br><br>vs.<br><br>RLI INSURANCE COMPANY; FINANCE INSURANCE LTD; DOE CORPORATIONS 1–5; DOE ENTITIES 1–5; JOHN DOES 1–5; AND JANE DOES 1–5,<br><br>Defendants. | Case No. 26-cv-00291-DKW-KJM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff Mary Sullivan-Bueche initiated this action in the Second Circuit Court of the State of Hawaiʻi against RLI Corp.[1]; Finance Insurance Ltd ("Finance Insurance") (collectively, "Named Defendants"); Doe Corporations 1–5; Doe Entities 1–5; John Does 1–5; and Jane Does 1–5 (collectively, with Named Defendants, "Defendants"), claiming that Defendants owed Sullivan-Bueche damages and compensation under her employer's insurance policy after an uninsured motorist struck her vehicle. Dkt. No. 1-1.[2] RLI removed the action to

[1]After the Complaint was filed, RLI Insurance Company ("RLI") was substituted as a Defendant in place of RLI Corp. Dkt. No. 9.
[2]The Complaint was filed in state court on May 14, 2026 and is attached to RLI's Notice of Removal, Dkt. No. 1-1.

this Court solely on diversity grounds. Dkt. No. 1. Sullivan-Bueche now moves to remand ("Motion"), Dkt. No. 14, arguing, *inter alia*, that removal is improper because Finance Insurance, which consented to removal, is a citizen of the state in which this case was filed. Named Defendants counter that Finance Insurance was fraudulently joined in order to defeat diversity jurisdiction, Dkt. Nos. 22, 23.

Having reviewed the Motion, the pleadings, the parties' briefs, the relevant legal authorities, and the record generally, the Court finds that remand is appropriate. Specifically, contrary to Named Defendants' arguments, while the Court takes no position on whether Plaintiff can ultimately prevail on her claims against Finance Insurance, the record here does not establish that Finance Insurance was fraudulently joined. Accordingly, the Motion is GRANTED, as explained below.

## FACTUAL & PROCEDURAL BACKGROUND

In May 2024, Sullivan-Bueche, a citizen of Oregon, was on assignment in Hawaiʻi for her employer, Group 70 International, Inc. ("G70"), during which G70 provided her with transportation. Dkt. No. 1-1 at ¶¶ 1–2, 12–13. On May 18, 2024, while driving a vehicle G70 had booked, Sullivan-Bueche was hit by an unlicensed and uninsured motorist. *Id.* at ¶¶ 1, 15, 20–21. As a result of the crash, Sullivan-Bueche allegedly suffered physical, mental, emotional, and financial distress. *Id.* ¶ 25.

Prior to the May 18, 2024 collision, G70 purchased automobile insurance from a "Defendant,"[3] covering its employees. *Id.* ¶ 28. Named Defendants in this case are Financial Insurance, which is a resident of Hawai'i, and RLI, which is not. *See id.* ¶¶ 3–4. The Complaint further alleges that the policy provided $1,000,000 in liability insurance for "any auto," *id.* ¶ 28, and that "Defendant" failed to offer G70 the opportunity to purchase uninsured and underinsured motorist coverage up to the policy limit or to advise G70 of its related options, *id.* ¶¶ 39–44. Sullivan-Bueche made a demand on "Defendant" for uninsured motorist benefits, which was denied. *Id.* ¶¶ 45–53.

On May 14, 2026, Sullivan-Bueche initiated this action in the Second Circuit Court of the State of Hawai'i. *Id.* She asserted one count for "Declaratory and Injunctive Relief." *Id.* ¶¶ 38–51. In that count, Sullivan-Bueche seeks a declaratory judgment finding that: (1) "Defendant is obligated to provide $1,000,000 of uninsured motorist benefits for 'any auto' of [G70], or, in the alternative, for contractual reformation to achieve the same"; (2) "the damages and liability relating to the Collision warrant the payment of all of the uninsured motorists' benefits available under the Auto Policy"; and (3) "Defendant" is enjoined "from violating Hawaii automobile insurance laws." *Id.* ¶ 51. She also requests compensatory,

[3]The Complaint refers to all Defendants as "Defendant," without specifying to whom it is referring. Dkt. No. 1-1.

treble, and punitive damages, prejudgment and post-judgment interest, attorney's fees and costs, and "further relief." *Id*.

On June 12, 2026, RLI removed the action to this Court on the basis of diversity jurisdiction, asserting complete diversity between Sullivan-Bueche and Named Defendants. Dkt. No. 1. On July 9, 2026, Sullivan-Bueche moved to remand, arguing principally that removal was inappropriate under the forum defendant rule, which bars removal of a diversity case to federal court when a defendant is a citizen of the state in which the suit was filed. Dkt. No. 14-1. RLI and Finance Insurance each opposed the Motion, arguing for the first time that Sullivan-Bueche had fraudulently joined Finance Insurance as a defendant in order to defeat diversity jurisdiction. Dkt. Nos. 22, 23. Sullivan-Bueche replied, contending that Named Defendants had waived their fraudulent joinder arguments, and that their fraudulent joinder theory is, in any event, without merit. Dkt. No. 24. After taking this Motion under submission without oral argument, Dkt. No. 25, this Order now follows.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. Sections 1441(a) and 1446(b), any civil action brought in a state court may be removed to federal court by a defendant provided that the federal court would have had original jurisdiction over the action and the removal is timely. Under 28 U.S.C. Sections 1331 and 1332(a)(1), this Court has original

jurisdiction of all civil actions involving, respectively: (i) federal law, or (ii) an amount in controversy in excess of $75,000 and complete diversity of citizenship. Complete diversity means that "the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

One exception to the complete diversity requirement is fraudulent joinder. *Id.*; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder is deemed fraudulent where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Morris*, 236 F.3d at 1067).

There is a "general presumption against fraudulent joinder," which must be proven by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A removing defendant therefore bears the heavy burden of facing "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter*, 582 F.3d at 1046 (internal citations and quotation marks omitted). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## DISCUSSION

RLI removed this action based on diversity jurisdiction pursuant to 28 U.S.C. Sections 1441 and 1446. Dkt. No. 1 at 2. Sullivan-Bueche argues that this case should be remanded because, *inter alia*, Finance Insurance is a citizen of Hawai‘i, the state in which this action was brought, and removal is therefore barred under the forum defendant rule. Dkt. No. 14-1 at 4–7. Named Defendants counter that Finance Insurance was fraudulently joined and therefore cannot be used to defeat diversity jurisdiction. Dkt. Nos. 22, 23. Sullivan-Bueche, in turn, asserts that Named Defendants waived their fraudulent joinder arguments by not mentioning them in the Notice of Removal, and, in any event, their theory is without merit. Dkt. No. 24 at 2. For the reasons set forth below, the Court agrees with Sullivan-Bueche that this action should be remanded since, regardless of waiver, Finance Insurance was not fraudulently joined.[4]

Named Defendants argue, in primary part, that Finance Insurance cannot be held liable under the insurance policy issued to G70 because it was merely the insurance *broker* while RLI was the *insurer* and is the proper defendant. Dkt. No. 22 at 9–14; Dkt. No. 23 at 6–8. Both, however, can be true. An insurance broker, not only an insurer, owes a duty to the insured. *See, e.g.*, *Twin City Fire Ins. Co. v.*

[4]Because the Court grants remand for the reasons set forth herein, the Court declines to address any other bases for judgment raised by the parties, as the absence of jurisdiction precludes such consideration.

*Philadelphia Life Ins. Co.*, 795 F.2d 1417, 1425–26 (9th Cir. 1986) ("'An insurance broker is the agent of the insured in negotiating for a policy, and owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting insurance.") (internal citations omitted); *Pflueger, Inc. v. AIU Holdings, Inc.*, 152 Haw. 260 (2023) (discussing standard for establishing negligence against insurance broker). Named Defendants never explain why that might not be the case here.

Named Defendants further contend that Sullivan-Bueche fails to state a claim against Finance Insurance under Section 431:10C of Hawai'i's Revised Statutes because the provision imposes liability on insurers, without mention of insurance brokers. Dkt. No. 22 at 15–16; Dkt. No. 23 at 9–10. But the question is not whether Sullivan-Bueche will ultimately be successful in prosecuting this claim on the merits—that is left to the assigned state court judge to determine. Rather, it is whether Finance Insurance can "be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Thus, Named Defendants must show not only that the claim in the Complaint is deficient, but also that such deficiency may not "be cured by granting the plaintiff leave to amend." *Grancare, LLC v. Thrower*, 889 F.3d 543, 550 (9th Cir. 2018).

Named Defendants have not made this showing. Although it is possible that Sullivan-Bueche has not *yet* stated a claim, this is an insufficient basis to find a party has been fraudulently joined. As Sullivan-Bueche offers in reply, there are various

potential causes of action against Finance Insurance that her Complaint may not allege. *See* Dkt. No. 24 at 5–9. No plaintiff is required to assert every possible cause of action. To the extent the current Complaint does not suffice, Named Defendants have not shown why Sullivan-Bueche would not be allowed to amend her Complaint to include additional, identified claims against Finance Insurance, given Hawai‘i's liberal rules on amended pleadings. *See Kamaka v. Goodsill*, 176 P.3d 91, 111 (Haw. 2008) (citing Haw. R. Civ. P. 15(a)(2)'s directive that leave to amend should be "freely given when justice so requires"); *Grancare*, 889 F.3d at 550 (finding that "show[ing] a possibility of recovery" was sufficient to overcome fraudulent joinder argument).

Because the heavy burden of establishing fraudulent joinder falls on Named Defendants, and because Named Defendants have not satisfied that burden, the Court does not find that Sullivan-Bueche fraudulently named Financial Insurance in this action. Accordingly, Sullivan-Bueche's Motion is GRANTED.

## **CONCLUSION**

For the reasons set forth herein, Sullivan-Bueche's Motion to Remand, Dkt. No. 14, is GRANTED. This case is REMANDED to the Second Circuit Court of the State of Hawai‘i, pursuant to 28 U.S.C. Section 1447(c).

The Clerk is instructed to mail a certified copy of this Order to the clerk of the Second Circuit Court and then CLOSE this case.

IT IS SO ORDERED.

DATED: October 22, 2026 at Honolulu, Hawai‘i.

/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

Mary Sullivan-Bueche v. RLI Insurance Company, et al; Civil No. 26-00291 DKW-KJM; **ORDER GRANTING PLAINTIFF’S MOTION TO REMAND**